1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 SAN JOSE DIVISION

10

11 | In Re: Constance Dudley | NO. C 06-01371 JW
(Bankruptcy case no. 03-52149)

12

13 RELATED CASE: C-06-01671-JW

14 **ORDER REGARDING APPEAL FROM
DECISION OF BANKRUPTCY COURT**

15

16 _____/

17 **I.  INTRODUCTION**

18      Creditor Charles K. Clapp appeals from an Order of the Bankruptcy Court granting a motion

19 to approve a compromise and from a related discovery Order.  This Court has jurisdiction based on

20 Appellant's election.

21      Both Orders are review for abuse of discretion.  In re A&C Properties, 784 F.2d 1377 (9th

22 Cir. 1986).  Applying this standard, the Court affirms the Order of the Bankruptcy Court as to both

23 Orders.

24 **II.  BACKGROUND**

25      On April 4, 2003, Constance Dudley filed a voluntary petition for bankruptcy relief.  Among

26 her properties, Dudley listed her interest in the "Lincoln Trust."  Indeed, Constance and her husband

27 created the Lincoln Trust pursuant to a settlement in a California Superior Court dissolution

28 proceeding.  The Trust document and Settlement Agreement contained provisions which provided

**United States District Court**
For the Northern District of California

that the Trust was for the benefit of their minor children with Dudley being entitled to the net income during her lifetime.  Distribution of income was subject to control by the Trustees.  A dispute developed among  the Debtor, the Trustee and the Lincoln Trustees over whether the circumstances under which the Trust was created made the income to which Dudley was entitled subject to the claims of her creditors.  Summary judgment motions were made to the Bankruptcy Court to determine the issue and for relief from the automatic stay to allow the parties to seek reformation of the Trust in the Monterey Superior Court.

With the summary judgment motions pending, the Bankruptcy Court referred Dudley, the Lincoln Trust and the Bankruptcy Trustee to voluntary mediation.  Although initially, Dudley refused to enter into the settlement, she eventually she agreed.  The settlement was subject to approval by the Bankruptcy Court and the Monterey County Superior Court.  The Trustee and the Lincoln Trustee reached a settlement.

On December 10, 2005, the Bankruptcy Trustee filed a motion with the Bankruptcy Court to approve the settlement.  Charles K. Clapp, a creditor and the Appellant on this appeal filed an opposition to the settlement.  Clapp also sought to subpoena information relating to the creation of the Trust.  Dudley moved to quash the subpoenas.

After considering the legal issues with respect to the character of the Trust, the nature of the compromise, the positions of the Bankruptcy Trustee, the Debtor and the objections by Clapp, the Bankruptcy Court approved the compromise and granted the motion to quash Clapp's subpoenas.  Thus, the issue on appeal is whether the Bankruptcy Court properly exercised its discretion to approve the settlement and to quash the subpoenas.

## III.  DISCUSSION

The Bankruptcy Court has great latitude in approving compromises in cases pending before it.  In re A&C Properties, 784 F.2d at 1380-1381.  In this case, the Bankruptcy Court gave due consideration to the complexity of the legal dispute with respect to the nature of the Trust.  The declarations of its creators and the fact that it was created as part of marital dissolution proceedings,

1  created a substantial risk that the creditors would not receive any benefit from its existence.  The

2  compromise provided substantial income to the estate and even made provisions such that

3  Appellant, if he disagreed with the assessment, could outbid the settlement.  There was no abuse of

4  discretion.

5      The judgment with respect to the acceptability of the settlement meant that the subpoenas

6  were unnecessary.  There was no abuse of discretion in quashing the subpoenas.

7                                   **IV.  CONCLUSION**

8      The Orders of the Bankruptcy Court are affirmed.  The stay pending appeal is lifted.  (See

9  Docket Item No. 4.)  The case is remanded to the Bankruptcy Court for further proceedings

10  consistent with this Order.

11

12  Dated: September 6, 2006                        _____

13                                                  JAMES WARE
                                                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  3

**United States District Court**
For the Northern District of California

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2

3   Amy E Wallace Potter amy.wallace@dlapiper.com
    Christopher Alliotts calliotts@sulmeyerlaw.com
    Rebecca Connolly Rebecca.Connolly@grunskylaw.com

4   Sandi Meneely Colabianchi smcolabianchi@luce.com

5

6   **Dated: September 6, 2006**                    **Richard W. Wieking, Clerk**

7

8                                                    **By:   /s/ JW Chambers**
                                                          **Elizabeth Garcia**

9                                                         **Courtroom Deputy**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California